STATE OF INDIANA            }                IN THE ALLEN SUPERIOR COURT
                           } SS
COUNTY OF ALLEN            }                CAUSE NUMBER: 02DO1-____-__-

02DO3- 18 12 -CT- 0 0 0 7 0 4

**JAMES L SPICE,**                         AFFADAVIT FOR COMPLAINT
  **PLAINTIFF**

**vs.**

**GENERAL MOTORS**
**FORT WAYNE ASSEMBLY,**
    **DEFENDANT**

**CONTINENTAL STRUCTURAL PLASTICS**
**HUNTINGTON, INDIANA,**
    **DEFENDANT**



➤ Plaintiff Requests to Defer Individual Names of Defendants until Motions for Discovery and Interrogatories are answered and completed.

   Plaintiff, James L Spice, Pro-Se, brings forth the following causes of action; and alleges the following:

1. Plaintiff is a resident of Fort Wayne, Indiana residing at 2616 Belle Vista Blvd. Fort Wayne, IN 46809-2110.

2. Defendants are both Corporations and at the time of this complaint, a resident of Allen County Indiana and Huntington County Indiana respectively.
   A. General Motors Fort Wayne Assembly Plant
      12200 Lafayette Center Road
      Roanoke, Indiana 46783
      260-673-2345

   B. Continental Structural Plastics
      1890 Riverfork Drive
      Huntington, IN  46750
      260-355-4050

3. Plaintiff is making the following claims against defendant General Motors Fort Wayne:

   A. Defendant General Motors Fort Wayne Indiana allowed a Hostile Work Environment to exist.

   B. Defendant General Motors Retaliated against Plaintiff's complaint of Hostile Work Environment – possible USERRA violation since harassment was specifically related to

C.C.S. JA

"past" military - combat service in Operation Iraqi Freedom by dismissing him from his position on 4/25/2017.

C. Defendant General Motors has Defamed the Character of the Plaintiff.

D. Defendant General Motors has engaged in criminal and civil violations of Indiana Code: 22-5-3-1, Sec. 1 which reads:
   A person who, after having discharged any employee from his service, prevents the discharged employee from obtaining employment with any other person commits a Class C infraction and is liable in penal damages to the discharged employee to be recovered by civil action.

E. Defendant General Motors has engaged in common law violations:  Tortious of Interference, which is defined as:
   When one person, or business intentionally damages someone else's contractual or business relationships with a third party causing economic harm.

F. Defendant General Motors has engaged in Intimidation, Indiana Code 35-45-2-1, and threats of using the legal system as a weapon against the Plaintiff for attempting diplomatic communication efforts of investigating the following complaints – out of court.

**Narrative & Timeline of Complaints against General Motors Fort Wayne Indiana:**

On, or about 4/7/2017 Plaintiff was a contractor employee of General Motors Fort Wayne. Where Plaintiff was aggrievedly engaged in hostile conduct by an employee of GM Fort Wayne by the name of Neil Chimi in reference to past military service in Iraq. The abusive conduct included profanities by the defendant, and a hostile/combative body posture that made plaintiff feel intimidated, hostile, and abused.

On, or about 4/10/2017, Plaintiff made verbal and formal complaints to his supervisors at GM Fort Wayne by the name of Angela Toles and Elizabeth Gutierrez.

On, or about 4/21/2017, Plaintiff was receiving excellent performance reviews by his overall supervisor, Bruce MacGregor who was employed by General Motors, Corporate Office, Warren, Michigan.

On, or about 4/25/2017, Plaintiff received a phone call from his direct employer, "The Productivity Team, which released him from his duties at General Motors Fort Wayne. Plaintiff did ask if there was any negative reasoning for this dismissal; and he was told "No, GM has decided to end your employment at this time, stating the Plaintiff's assignment was complete." In reference to 2nd Defendant, Continental Structural Plastics, it is important to define this moment as it occurred as accurately as possible.

Upon receiving this phone call from direct employer "The Productivity Team", Plaintiff gathered up his personal property, and turned in his security badge at

the security office. No GM employee or representative was present, except for another contractor by the name of Doug McCarthy. The Plaintiff was never escorted out of the building by any person. The Plaintiff was never given any type of future information that would be negative or derogatory. The Plaintiff was never given a hearing. The Plaintiff has ascertained and validated that there are no police reports, no restraining orders, or anything negative in place as this will be discussed with Defendant Continental Structural Plastics in the future on 10/12/2018. **The Plaintiff affirms there were no grounds for ending his assignment. Plaintiff affirms the position was put up for advertisement as an open position after leaving General Motors.** Therefore, the Plaintiff being a person of common sense and understanding, and highly versed in recognizing the vindictive and criminal mind set of others, knew, this dismissal was in retaliation for filing internal complaints on a hostile employee and hostile work environment.

On, or about 5/8/207, Plaintiff filed Federal Civil Rights violations against General Motors for Hostile Work Environment, USERRA Violations, Whistleblower Protection Violations (Retaliation), and Employment Discrimination; in Northern District Court, Fort Wayne. The Case # is 1:17-CV-00205.

https://www.pacermonitor.com/public/case/21382059/Spice_v_General_Motors_North_America_et_al

On, or about 6/29/2017, Plaintiff filed a written motion to withdraw this case, but leave open for future opportunities as Plaintiff was indigent, and could NOT afford an attorney at this time. Important to note in this letter: Plaintiff mentions to the Honorable William C. Lee, "there will be more to come - GM will NOT stop in these illegal efforts to blacklist, defame character, and create more emotional and financial hardships towards the Plaintiff." Plaintiff cannot prove the depth of criminal activity such as stalking and invasion of privacy, but, GM and their UAW usually finds it pretty easy to know where the Plaintiff is working; whether that be Fort Wayne, Indiana, Kentucky, Indianapolis, Mishawaka Indiana, Lafayette Indiana, etc. Describing the nature of these events would be outside the 2-year statute of limitations. But files exist with the EEOC, ICRC, DOL, and the FBI.

On, or about 8/20/2018, Plaintiff, while at a new employer (Continental Structural Plastics), located approx. 18 miles from the GM Fort Wayne plant, was invited to the General Motors Fort Wayne Plant by GM Employee Aaron Anderson Walker for business discussions of a new carbon fiber nylon mix truck bed that is soon to go into production. The Plaintiff was accompanied by approximately 6 other co-workers. This event will later explain GM's blacklisting efforts, and Tortious of Interference by General Motors Fort Wayne.

4. **Plaintiff is making the following claims against defendant Continental Structural Plastics, Huntington Indiana:**

A.  Defendant Continental Structural Plastics (CSP) Huntington Indiana has aided and abetted (IC 35-32-2-4) General Motors Fort Wayne in Blacklisting under Indiana Code 22-5-3-1.

B. Defendant Continental Structural Plastics (CSP) Huntington Indiana allowed Interference with Contractual Relations. CSP knowingly and intentionally brought financial harm upon the Plaintiff.

C. Defendant Continental Structural Plastics (CSP) participated in Unfair Treatment practices towards the Plaintiff.

D. Defendant Continental Structural Plastics (CSP) participated in Prejudicial Treatment by creating a Deliberate Indifference towards the Plaintiff.

E. Defendant Continental Structural Plastics (CSP) did unlawfully dismiss defendant, knowing the facts relating to their alleged "conflict of interest" were contrary to Public Law.

**Narrative & Timeline of Complaints against Continental Structural Plastics, Huntington Indiana:**

On, or about 7/23/2018 Plaintiff entered into an At-Will Contract for employment with Defendant Continental Structural Plastics. Continental Structural Plastics is a tier 1 supplier, and business partner to co-defendant General Motors Fort Wayne. They ship product, and General Motors also owns capital equipment inside the plant of Continental Structural Plastics.

On, or about 8/10/2018, Plaintiff notices that CSP had advertised his "job position" on their company website and public internet. The date of this job posting was 8/8/2018. Plaintiff confronted Plant Manager, Karen Williams on this posting, asking if Plaintiff had done anything wrong, and her answer, was no. Plaintiff affirms, this was the first time he had ever seen his job description as he did not receive a job description during the recruiting process, during the interview process, or even after being hired. The Plaintiff asks the court to recognize on this job description that there is no mention of "visiting General Motors Fort Wayne" as defendants are claiming in their dismissal letter.         Plaintiff also asks the court to recognize, this event was 2 weeks prior to any visit at General Motors Fort Wayne Assembly. Plaintiff therefore alleges, and will argue with Defendant's own documentation, that CSP's reasoning they wrote in their dismissal letter is FALSE. CSP Huntington had already laid the ground work for the Plaintiff's dismissal prior to any tour of the Fort Wayne GM Plant. Letter available upon motion for discovery.

On, or around 8/20/2018 to 8/30/2018, about 6 CSP Personnel, including the Plaintiff were invited to GM Fort Wayne for a 1-hour visit to the lineside location and business discussions in operations, engineering, quality, and shipping. This meeting was set up by General Motors employee, Aaron Anderson-Walker whose title is Supplier Quality Engineer.

Retaliation tactics and Tortious of Interference by Co-Defendant General Motors Fort Wayne intentionally knowingly, and willfully disrupt business relations and at-will employment contracts between the Plaintiff and Defendant Continental Structural Plastics Huntington, Indiana:

On, or about 10/12/2018 at 8am, Plaintiff is confronted by CSP HR Manager, Alan Siepker and Karen Williams. Alan's exact quote was: "I am receiving phone calls from General Motors Fort Wayne (Co-Defendant) that you are NOT allowed inside their plant." A couple weeks prior to this date, Alan Siepker asked the Plaintiff about the specific visit, which the Plaintiff answered him, and confirmed that a visit did take place. During this 10/12/2018 meeting with Alan Siepker and Karen Williams, the Plaintiff advised them: THIS WAS THE FIRST TIME SUCH A COMMENT OR DIRECTIVE HAS BEEN SHARED WITH THE PLAINTIFF.

On, or about 10/12/2018 at 11:41am, Plaintiff sent an email to Alan Siepker and Karen Williams explaining, in detail, the events of 4/25/2017 - The Plaintiff's last day at GM Fort Wayne. In this email, the Plaintiff describes to the Defendants that their Co-Defendant, GM Fort Wayne has engaged in Blacklisting, Hostile Work Environment, USERRA Violations, and Retaliation. The Plaintiff has also explained emotional and psychological damages that the Veterans Administration Hospital has diagnosed him with PTSD due to emotional and traumatic injuries sustained for being harassed for no reason by General Motors, being blacklisted for no reason, being falsely defamed for no reason, etc. This email is also available upon Motion for Discovery.

Further damages caused by defendants are in relation to: The State of Indiana, despite Plaintiff's past federal security clearances, past employment as a commissioned police officer, and 12 years of military and recent combat experience (military service all combat arms to include Special and Clandestine Operations), and ethical citizenship to our country; Indiana has refused to allow Plaintiff to carry small arms (Handguns) because Plaintiff talked about suicide in 2004 to the Fort Wayne Police Department, and those discussions of suicide were in reference to "being blacklisted, being stalked, being harassed in the workplace. Then, complaining to government officials, while government officials refused to do anything about the civil tort crimes and civil rights violations.

Further damages to the Plaintiff can be referenced to court case <u>Discover Bank v. Jim L Spice</u> 02D09-1711-CC-002573, where Co-Defendant, General Motor's and their National UAW have caused blacklisting tactics at most past employers, leaving Plaintiff unemployed for long periods of time, creating more passive blacklisting tactics, such as having a crappy resume with short employment dates, which has caused great financial distress to the Plaintiff, where Plaintiff has bad debt on 2 different credit cards, and has nearly been homeless a few times.

The Defendant, Continental Structural Plastics intentionally refused to respond to this email which was sent on 10/12/2018 at 11:41am, and the questions where the Plaintiff stated GM & GM's UAW has exhibited a long-term pattern of blacklisting tactics, to include false

information, threats of physical harm, workplace violence. **Therefore, Defendant Continental Structural Plastics created a conscience and reckless disregard towards public law, and disregard for any past wrong doings by Co-Defendant General Motors past illegal actions. In legal terms, Defendant Continental Structural Plastics has exhibited a Deliberate Indifference towards the plaintiff.** Defendant CSP took zero time out of any day to speak with the Plaintiff or ask questions of the Plaintiff in regards to Co-Defendant's General Motors past illegal behaviors.

On, or about 10/30/2018, Co-Defendant General Motors Fort Wayne invites the CSP T1 Management team and engineers out for a 2nd plant visit. This time, Plaintiff instructs his production supervisor (Randy Cline) to take his place, to take notes, and bring back notes for the team to review. This was a simple "work around" for the Tortious of Interference that Co-Defendant General Motors had caused. Plaintiff asserts at no time did his job need to be eliminated due to Defendant Continental Structural Plastics "so called" conflict of interest.

On, or about 11/9/2018, the Plaintiff, Continental Structural Plastics demonstrated Unfair treatment practices towards the Plaintiff. On 11/9/2018, during the 8am management meeting, 2 management personnel employed by the Defendant CSP, were engaged in a very heated, and hostile discussion that was close to being a physical altercation. The 2 management personnel were Phillip J. Eads, and Ken Harrants. No punishment was handed out to either of these employees. Neither of these employees lost their job. This event was witnessed by 10 to 11 other management personnel. Email available upon Motion for Discovery showing this event occurred, which was submitted by Phillip Eads. Plaintiff is dismissed from his position because of corrupt business influence by General Motors, which means, no wrong doing on the Plaintiff's part. The plaintiff lost his job for no reason what so ever, except retaliation by Co-Defendant General Motor's corrupt and unethical conduct. Yet, employees getting into violent altercations do not even get punished?

From 7/23/2018 to 11/12/2018, the Plaintiff, Continental Structural Plastics exhibited extreme unfair, and differential practices towards the Plaintiff; to the point, where other employees were also asking questions, "why"? Plaintiff, never received a job description of the position he held by the Defendant CSP. Plaintiff, never received a welcome aboard email sent out to other salary staff members that "all other" employees are afforded. Plaintiff, never received any type of policies, procedures, or handbook that "all other" employees are given. Plaintiff, never received any type of orientation class that "all other" employees are given. Plaintiff, requests of the court, to be able to ask in front of a Jury of his peers, a very simple question…. why? What has the Plaintiff ever done to anyone at any time to deserve such unfair, and differential treatment? Was the Plaintiff's position, just a simple, "set up to fail" in order to conduct passive blacklisting, in order to make his resume look bad for short term employment?

On, or about 11/12/2018, Plaintiff was called into Plant Manager's Karen Williams office. by a cell phone call made to him by HR Manager Alan Siepker. Plaintiff assets and affirms that Defendant CSP terminated his employment on this date and time. The

dismissal letter clearly confirms this dismissal was for no wrong doings, or poor performance. However, Defendant CSP has offered a Severance Package, and on Page 2, paragraph A, you will see that CSP has intentionally and willfully designed this severance letter dated November 12th, 2018, where "EMPLOYEE AGREES NOT TO SUE CSP AND ANY OF ITS AFFILIATED ENTITIES AND PARTNERS, ETC." This is clear evidence, again, in Defendant's own hand-writing, they have collaborated (aided and abetted) their Co-Defendant General Motors in Blacklisting, Tortious of Interference, Defamation of Plaintiff's Character, and supported such illegal actions, such as, Retaliation, and creating a Hostile Work Environment. Plaintiff will show and argue that CSP just did not want the Plaintiff to clear CSP's name from a lawsuit, but also wanted the Plaintiff to clear General Motor's name from past lawsuits dating back to 5/8/2017. Furthermore, in this same Severance Letter, it will read, further attempts to cause harm towards the Plaintiff; because if Plaintiff sues, Defendant is saying, "they will fight unemployment claims" when Plaintiff was released for no wrongdoings.

On, or about 11/12/2018, Plaintiff, upon arriving home from work, asked Defendant's HR Manager, Alan Siepker via text message, "I need to know, who told you that I was not allowed on GM Property?" Defendants refused to answer this lawful and diplomatic question, and chose to "lawyer up" immediately on 11/12/2018. Text message available upon Motion for Discovery.

On, or about 11/15/2018, Plaintiff's girl friend works at General Motors Fort Wayne, and was able to provide Plaintiff with HR's contact information. Plaintiff, emailed, texted, and left a voice mail for Donna Ankenbruck, Co-Defendant GM Fort Wayne's HR Manager to ask her about this situation. She too has failed to respond to any type of communication. All communication available upon Motion for Discovery.

Threats of Intimidation – Plaintiff will be able to show, in writing, GM's attempt to Intimidate plaintiff for using diplomatic communication efforts in asking "why", "who", "when", "what", etc. Co-Defendant General Motors Fort Wayne, after attempting to contact GM's HR Department and Security Desk, sent something to their GM Legal Team in Warren Michigan.

On, or about 11/28/2018, Plaintiff is receiving a Fed-Ex Letter from GM Legal Team, confirming for the 1st time, in writing, that General Motors does not want the Plaintiff on GM Fort Wayne's property. Furthermore, they state that any attempt to contact any GM employee will result in the use of law enforcement being contacted. Furthermore, it states I am not to have any contact with any GM employee, which, Plaintiff takes this as an extreme threat to civil and human rights, meaning, he has to break up with his girlfriend, who is employed at GM Fort Wayne. Letter available upon Motion for Discovery. On this date, Plaintiff then contacted General Motors Legal Staff/Team in Warren Michigan. They too have refused to talk out of court, and have chose to disregard all diplomatic efforts to discuss what is taking place. **The Plaintiff affirms at no time has he done anything wrong to deserve such aggravated and malicious conduct by both Defendants in this case.**

5. As a result of these actions, Plaintiff James L Spice, has incurred emotion distress, great financial hardship, and defamation of character that has resulted in all companies in this living area refusing to hire the Plaintiff – Not even a simple phone interview. **According to the Allen County Sheriff's Department, on July 20th, 1998, "The Plaintiff was "ordered" to move out of the State of Indiana immediately."** This statement took place, 2 days prior to the Plaintiff resigning his position as a Confinement Officer, which means, The Plaintiff was still an active employee of the Allen County Sheriff's Department. Therefore, this appears to be something that law enforcement knew about many years ago. Plaintiff will most likely not be receiving unemployment compensation for these illegal actions taken by both defendants, and therefore, will lose his home, and be homeless in the near future. Plaintiff has exhibited extreme emotional distress since 11/12/2018 due to unemployment, and not knowing how to pay bills, along with bad debt collectors already taking out monies whether Plaintiff is employed or not. The Defamation of Character appears to be like cancer as Plaintiff is unaware of any wrong doings, yet, this cancer has also spread through government entities as well.

6. Wherefore, comes now the Plaintiff James L Spice, Pro-Se, and is asking for Trial by Jury, to have a Jury of his Peers enter judgement against both defendants listed in this Affidavit for Complaint about aggravated damages on the basis of tortious conduct, and both, tangible and intangible injuries sustained by both Defendants in this case. An employer in Indiana, under an at-will clause, may not dismiss an employee for reasons that contravene public law. Plaintiff has made all diplomatic efforts for diplomacy and out of court communications, but Defendants have lawyered up, and exercised their civil right to remain silent. The Plaintiff asks of the court there might be additional parties to this lawsuit – including government agencies and non-profit organizations. The Plaintiff plans to submit Stipulation for Polygraph exams of all parties, and future parties of this lawsuit with permission to use results in a court of law.

7. **The Plaintiff affirms at no time has he done anything wrong to deserve such aggravated and malicious conduct by both Defendants in this case.**

Dated this 10th Day of December, 2018

James L Spice – Pro Se