UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JAMES L. SPICE, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Case No. 1:19-CV-10 |
| GENERAL MOTORS FORT WAYNE ASSEMBLY, | ) ) ) ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

This matter is before the Court on two motions filed by Plaintiff James Spice. The first is a pleading Spice titled "Objection to Removal of Cause Number: 02D03-1812-CT-000704 to Federal Jurisdiction Under 28 [U.S.C.] 1331, 1441, 1446" that he filed on January 14, 2019 (ECF 10) and which this Court construes as a motion to remand. Defendant General Motors filed a response in opposition on January 25, 2019 (ECF 19) but Spice did not file a reply. The second pending motion is Spice's Motion to Amend Complaint, which he filed on June 18, 2019 (ECF 63) and to which General Motors filed a response on July 2, 2019 (ECF 66). As of the date of this Opinion and Order the time for filing a reply has not expired, but the Court concludes that both motions can be resolved absent any reply brief from Plaintiff. For the reasons explained below, both motions are DENIED.

### DISCUSSION

**1. Objection to Removal (Motion to Remand).**

James Spice, proceeding *pro se*, filed this suit against General Motors and Continental Structural Plastics in state court on December 10, 2018, alleging that the Defendants, his former

employers, are liable to him under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq*. ("USERRA"). Original Complaint (ECF 6), pp. 1-2.[1] He also alleged several state law tort claims. *Id*., p, 2. Defendant General Motors removed the case to this Court on January 9, 2019, on the basis of federal question jurisdiction since Spice had asserted a USERRA claim. Notice of Removal (ECF 1). It appears that Spice has abandoned his objection to removal and no longer seeks remand, but his motion remains pending nonetheless and so the Court will rule on it. That ruling is that General Motors exercised its statutory right to remove this case to federal court on the basis of federal question jurisdiction and Spice's disappointment over removal does not constitute grounds for a remand.

Spice objected to removal primarily because he felt General Motors was removing the case to federal court merely to be oppressive. He states in his motion to remand that his "[o]bjection to transfer Jurisdiction from State Court to Federal Court is due primarily due [sic] to Professional and Official Misconduct, Bias, and Prejudicial treatment towards the Plaintiff by several federal jurisdictions in investigating this matter." Motion to Remand, p. 2. He further contends that "[m]oving this case to Federal court for issues the lower courts have jurisdiction in is not right. As it would allow the other claims/allegations–the defendants would be allowed to stand mute, and not be held accountable." *Id*. (verbatim). But again, it is Spice who is alleging a violation of a federal law–the USERRA–and that means jurisdiction is proper in federal court.

As this Court explained in another case:

USERRA was enacted in part "to prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3). Specifically,

---

[1] Spice and Continental Structural Plastics filed a Joint Stipulation of dismissal of Spice's claims against that defendant on June 7, 2019 (ECF 59) and so CSP is no longer in this case.

USERRA grants the following protections:

> (a) A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.
>
> (b) An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter [38 USCS §§ 4301 et seq.], (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter [38 USCS §§ 4301 et seq.], or (4) has exercised a right provided for in this chapter [38 USCS §§ 4301 et seq.]. The prohibition in this subsection shall apply with respect to a person regardless of whether that person has performed service in the uniformed services.

*Wolfgram v. G4S Secure Sols. (USA), Inc.*, 2018 WL 5016337, at *2-3 (N.D. Ind. Oct. 15, 2018) (quoting 38 U.S.C. § 4311). Spice's claim under USERRA arises from an incident that occurred on April 7, 2017, during which a coworker accused Spice of lying about his military service and allegedly physically threatened Spice. Spice recounts the incident as follows:

> On, or about 4/7/2017 . . . Plaintiff was aggrievedly engaged in hostile conduct by an employee of GM Fort Wayne . . . in reference to past military service in Iraq. The abusive conduct included profanities by the [coworker], and a hostile/combative body posture that made plaintiff feel intimidated, hostile, and abused. [The coworker] is a black, African race, foreign national at the time of this incident, or claimed to be from North Central Africa, and spoke with a very strong accent.

Amended Complaint (ECF 18), p. 6. Spice elaborated a bit about this confrontation in one of the exhibits he attached to his Amended Complaint. In an email to the Department of Labor, the subject line of which stated "Whistleblower Workplace Dismissal for USERRA related event," Spice wrote as follows:

> While working as a contractor through General Motors, Fort Wayne Assembly
> plant, I had a co-worker bring up my military service, and specifically started
> asking questions about my duties in Iraq. . . . I am not sure if he is an America[n]
> citizen, but has graduated from the Ohio State University, and is a national to
> central Africa . . . very strong accent. Anyway, I answered a couple of the
> questions this person was asking, and the next thing that comes out of his mouth,
> in a very loud, and harassing manner was . . . "I think you are a fucking liar." I
> wanted to determine if he was joking, as we worked around each other daily. I
> asked him, "Are you serious?" He said, yes, "I think you are a fucking liar." I was
> floored by this type of disrespect, but it was more towards his posture, and loud
> voice w/profanity. So, I reported it to my chain of command.

Amended Complaint, p. 27, Exh. C. Spice alleges that "[a]fter reporting this event, I was fired, and let go." *Id*. Based on these allegations, Spice insists that he "was discriminated against, and harassed for my past military service by General Motors[.]" *Id*. In addition to his claim for wrongful termination under USERRA, Spice alleges that General Motors "conspired . . . to Interfere with Civil Rights under USC 42, 1985 [sic]" and that he was subjected to a hostile work environment, blacklisting, defamation, and stalking. *Id*., passim.

Since filing his motion to remand, Spice filed his Amended Complaint on January 24, 2019, attended a Rule 16 preliminary pretrial conference before Magistrate Judge Susan Collins on February 21, 2019, and served discovery requests on General Motors (ECF 47 and 48).[2] It appears, then, that Spice either has accepted that removal was not improper, or does not intend to pursue his request for remand. In any event, the Court will deny the motion. As General Motors points out in its response brief, removal of Spice's case to this Court was proper and he presents

---

[2] The Court also notes that Spice and General Motors entered into and filed a Report of the Parties' Planning Meeting on February 14, 2019 (ECF 33), which was made an Order of the Court at the Rule 16 conference held on February 21. That report states as follows: "Pursuant to 28 U.S.C. § 1331 and § 1441(a), the Court has jurisdiction over Plaintiff's claims alleging violations of 38 U.S.C. § 4301 et. seq. ("USERRA"). The parties agree that USERRA claims confer federal question jurisdiction." Report of Parties' Planning Meeting, p. 1.

no basis for a remand. General Motors writes as follows:

> Under 28 U.S.C. 1441(a), Defendants may remove a case to federal court if Plaintiff's claims could originally have been brought here. Federal district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.
>
> Plaintiff alleges General Motors violated USERRA, 38 U.S.C. § 4323(c). Federal courts have original jurisdiction over USERRA claims brought against private employers: "in the case of an action against a private employer by a person, the district courts of the United States shall have jurisdiction of the action." 38 U.S.C. § 4323(c). Because General Motors is a private employer, this Court has jurisdiction over Plaintiff's USERRA claims against it.

Brief in Opposition to Plaintiff's Objection to Removal (ECF 19), p. 3.

General Motors also notes that Spice filed an earlier lawsuit against the corporation that was nearly identical in terms of facts and claims, and that he filed that case as an original proceeding in this Court, implicitly acknowledging that this Court has jurisdiction to hear his claims. General Motors writes as follows:

> As Plaintiff notes, he previously filed and voluntarily dismissed a federal lawsuit against General Motors based on nearly the same set of facts. Plaintiff's Complaint expressly references th[at] lawsuit: "On, or about 5/28/2017, Plaintiff filed Federal Civil Rights violations against General Motors for Hostile Work Environment, USERRA violations, Whistleblower Protection Violations (Retaliation), and Employment Discrimination; in the Northern District Court, Fort Wayne."

Brief in Opposition to Plaintiff's Objection to Removal (ECF 19), p. 4 (quoting original Complaint, p. 3). In other words, according to General Motors, Spice cannot challenge the removal of this case to a federal court in which he filed a virtually identical case a couple years earlier (and which he voluntarily dismissed).

Spice also states in his motion that his "State Jurisdiction COMPLAINT (02D03-1812-CT-000704) is more than just . . . a USERRA action[]" because he has asserted several state law

claims. Motion to Remand, p. 1 (capitalization in original). But as General Motors correctly notes, this Court has supplemental jurisdiction over any state law claims in this case pursuant to 28 U.S.C. § 1367(a) since Spice's "claims all arise out of the same case or controversy." As General Motors states: "Aside from Plaintiff's USERRA claims, the remainder of Plaintiff's claims, including defamation, tortious interference with contractual relations, and violation of public policy all relate to the same factual circumstances on which he bases his USERRA claims: General Motors ended his assignment after he allegedly reported harassment on the basis of his prior military service and thereafter interfered with Plaintiff's future employment opportunities." Brief in Opposition, p. 6.

In summary, General Motors properly removed this case to federal court based on federal question jurisdiction and Spice's objection and request for remand are baseless. Accordingly, his Objection to Removal, which the Court construes as a motion to remand, is denied.

**2. Motion to Amend.**

Spice's first Amended Complaint filed on January 24, 2019, is currently the controlling complaint in this case. He now seeks leave of Court to file a second amended complaint but he presents no valid arguments in support of his request. Furthermore, his proposed amendments do not serve to clarify his claims; rather, his amendment is an attempt to bring in 15 new individual defendants, including Mary Barra, the CEO of General Motors, a host of employees at General Motor's Fort Wayne Assembly plant, and several GM employees that he designates as "General Motors–Unknown Title or Location." Motion to Amend, p. 5. Spice insists that these individuals were (and continue to be) involved in a wide-ranging conspiracy against him and should be added as defendants in this lawsuit because of that involvement, even though he simultaneously

6

concedes that "[m]any of these individuals I do not know, nor, have ever met." *Id*., p. 2. Spice states that "[n]ew evidence has [sic] set forth by defendant General Motors, showing corporate wide blacklisting tactics. False informing authorities just not in a false and negligent manner, but, grossly insane (both definitions of shockingly outrageous and seriously paranoid), which no normal perception can be attributed to these individuals' behaviors. Therefore, Plaintiff wishes to open this lawsuit officially to GM Corporate wide to include their CEO for being responsible for 'calling SWAT units,' and an array of what appears to be false information and public stalking." Motion to Amend, p. 2. Spice states that "[t]hese individuals at GM are highly twisted, and either medically paranoid, or intentionally unethical." *Id*., p. 4. Spice also states that his proposed amended complaint "will cause Diversity of Citizenship as some defendants will be out of Indiana[]" and that he "wishes to modify and increase the Prayer for Relief amount." *Id*., p. 2.

Spice's proposed second amended complaint is 16 pages long with 50 pages of attached exhibits. It is, like his current controlling Amended Complaint, a rambling and disjointed recitation of claims and accusations. More importantly, it also resembles his Amended Complaint in that it contains the same allegations and many of the same exhibits that Spice already has presented in this case. (Spice's controlling Amended Complaint is 19 pages long and includes some 60 pages of exhibits.) He presents no valid basis at all for the need to file another amended complaint. His proposed second amended complaint simply restates the allegations and claims presented in his current Amended Complaint, and improperly seeks to add additional causes of action and additional defendants.

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed.R Civ.P. 15(a)(2).

"The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court." *Whiting v. Menard, Inc.*, 2019 WL 1987020, at *1 (N.D. Ind. May 6, 2019) (citing *Campbell v. Ingersoll Milling Mach*. Co., 893 F.2d 925, 927 (7th Cir. 1990)). However, leave to amend is inappropriate "where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

In its response brief, General Motors argues that Spice's motion should be denied for a host of reasons, including tardiness and futility. Response in Opposition (ECF 66). General Motors points out that the parties agreed to and filed a Report of the Parties' Planning Meeting on February 14, 2019 (*see* ECF 33). That Report, which was adopted and made an Order of the Court at the Rule 16 preliminary pretrial conference held on February 21, states that "[t]he last date the Plaintiff may seek permission to join additional parties and to amend the pleadings is May 10, 2019." Spice did not file his motion to amend until June 18. As another district court has explained:

> Rule 15(a) of the Federal Rules of Civil Procedure provides that courts should freely permit a plaintiff to amend its pleadings where justice so requires *and where there is no harm to the defendant*. However, to amend a pleading after the expiration of the trial court's Case Management Plan deadline, as is the case here, the moving party must demonstrate "good cause." Fed.R.Civ.P. 16(b)2. In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). It is also proper for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation. *Dussouy v. Gulf Coast Investment Corporation*, 660 F.2d 594, 598 (5th Cir. 1981). Whether to grant a motion to amend a pleading is within a

district court's discretion[.]" *Goulding v. Feinglass*, 811 F.2d 1099, 1103 (7th Cir. 1987).

*Elder Care Providers of Indiana, Inc. v. Home Instead, Inc.*, 2017 WL 4250107, at *2 (S.D. Ind. Sept. 26, 2017) (emphasis added).

General Motors is also correct that Spice seeks to add additional claims in his proposed amended complaint that are not only untimely but also legally frivolous. By way of example, General Motors points out that Spice's proposed amended pleading asserts a claim against the corporation for violating Spice's "'First Amendment Right.'" Response in Opposition, p. 9 (quoting proposed amended complaint (ECF 63-1), p. 12)). This claim is not cognizable since "there is no right of action against Defendant for violating Plaintiff's civil rights because it is a private entity and not a state actor." *Id*. (citing 42 U.S.C. § 1983). General Motors also insists that "Plaintiff's claim under 42 U.S.C. § 1985, conspiracy to violate civil rights, fails to state a claim for the same reason." *Id*. And General Motors contends that Spice "also seeks to add a claim against Defendant for 'Defamation of Character' under 28 U.S.C. § 4101 for purportedly communicating 'false character assassination' to government authorities. 28 U.S.C. § 4101 is the definitional section of the Securing Protection of our Enduring and Established Constitutional Heritage ('SPEECH') Act, which makes foreign libel judgments unenforceable in the United States Courts unless certain requirements are met. . . . Plaintiff has not alleged that he has been subjected to a foreign judgment for defamation. The SPEECH Act has no relationship whatsoever to this case[.]" *Id*., p. 7. *See, e.g.*, *James Roa v. City of Denison*, 2019 WL 1306212, at *10 (E.D. Tex. Feb. 18, 2019), report and recommendation adopted, 2019 WL 1411248 (E.D. Tex. Mar. 28, 2019) ("§[Sec.] 4101 does not contain a private cause of action."). General Motors

also notes that Spice's proposed amended complaint expressly states a claim for "Stalking" under 18 U.S.C. § 2261, which General Motors argues–once again, correctly–is a federal criminal statute prohibiting acts of interstate domestic violence. Response in Opposition, p. 8. *See Thomas v. Murphy Oil Corp.*, 2019 WL 2480207, at *3, n. 1 (11th Cir. June 13, 2019) (". . . section 2261(a) [is] a statute dealing with interstate domestic violence[.]"). General Motors provides a few more examples of legally frivolous claims and theories Spice includes in his proposed second amended complaint (*see id.*, pp. 5-10), but the Court need not address each of them.

Spice has failed to present any valid basis for his request to file another amended complaint. His motion is untimely, granting it would unduly prejudice General Motors (and the many individuals Spice wants to add as defendants), and it even attempts to add legally frivolous causes of action. Spice has contended all along, just as he did in the earlier case he filed in this Court, that General Motors discriminated against him in violation of the USERRA, retaliated against him by firing him after he lodged complaints, and then engaged in a conspiracy to blacklist him to prevent him from obtaining other employment. His claims are set out in great detail in his current first Amended Complaint and the hundreds of pages of pleadings and exhibits he has filed in support of those claims. Not only does his proposed second amendment add nothing to his pending claims, it improperly seeks to add claims and defendants. Accordingly, it must be denied.

## CONCLUSION

For the reasons explained above, the "Objection to Removal of Cause Number: 02D03-1812-CT-000704 to Federal Jurisdiction Under 28 [U.S.C.] 1331, 1441, 1446" filed by Plaintiff (ECF 10) is construed as a motion to remand and is DENIED. Plaintiff's Motion to Amend (ECF

63) is also DENIED.

Date: July 3, 2019.

   /s/   William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana